UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOHNNY TIPPINS,

        Petitioner,

v.

CATHERINE S. BAUMAN,

        Respondent.
_____/

Case No. 2:19-cv-4

Honorable Janet T. Neff

## **OPINION**

        This purports to be a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. <u>Factual allegations</u>

Petitioner Johnny Tippins is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Michigan. Following a bench trial in the Wayne County Circuit Court, Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. On January 28, 2003, the court sentenced Petitioner to a prison term of 26 to 50 years on the murder conviction to be served consecutively to a prison term of 2 years on the felony firearm conviction.

On January 2, 2019, Petitioner filed this habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on January 2, 2019. (Pet., ECF No. 1, PageID.9.)

The petition raises four grounds for relief, as follows:

I. Warden Bauman and MDOC continue to hold me in administrative segregation without resolving the initial issue that caused me to be placed in protective segregation, the order to return to general population is an unreasonable order. The hearing officer has believed a hearing was held and I agreed to go to GP and no hearing held.

II. This administration continue to write misconduct tickets on me for refusal to go to General Population. Petitioner was placed in protective segregation without provided an administrative hearing he was ordered to return to unit where threats of viol[ence] against him were made. The order to return to GP was unreasonable and Petitioner refused.

III. Correction officers has been harassing me by not giving me my food trays, contaminating my food trays, refuse to give me haircut, and taking property because I refuse to go to general population.

IV. Law library refuse to give copies and law material because I am suing this administration. All these actions are to cause me to go to general population which would subject me to an assault that in which prison officials are not trying to avoid.

(Pet., ECF No. 1, PageID.6-8.)

Although Petitioner filed his petition on the form for a petition for a writ of habeas corpus under 28 U.S.C. § 2241, his allegations have nothing to do with the fact or duration of his confinement. Instead, Petitioner complains about the conditions of his confinement. Petitioner contends that Respondent has violated his constitutional rights by keeping him in administrative segregation, insisting that he be released to the general population despite a threat to his safety there, interfering with his food, and interfering with this access to the courts. Petitioner asks the Court to order his transfer to a different prison where he will not be endangered by threats of violence. He also asks the Court to remove misconduct convictions for disobeying a direct order that followed from his refusal to return to general population. Finally, he seeks an order returning him to his proper security level and removing him from the MDOC Offender Tracking Information System for his safety.

## II. Discussion

The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal

court proceedings which resulted in the incarceration of the petitioner." *Id*. (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Even Petitioner's challenges to his misconduct convictions do not relate to the fact or duration of his confinement. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that under the current iteration of Michigan's good behavior reward scheme, known as disciplinary time,[2] a misconduct citation in the Michigan prison system does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011).

Even if habeas corpus is not an appropriate means to obtain the relief Petitioner seeks, at least with respect to some of his claims challenging the conditions of his confinement, he may bring them under 42 U.S.C. § 1983. *Id*.; *see also Austin v. Bell*, 927 F. Supp. 1058, 1066

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. Mich. Comp. Laws § 800.33(5).

[2] For some crimes committed after December 15, 1998, and all crimes committed after December 15, 2000, Michigan prisoners are "penalized" with "disciplinary time" under a statute that abolished the disciplinary credit system. Mich. Comp. Laws § 800.34.

4

(M.D. Tenn. 1996). Indeed, Petitioner has already done so. *See Tippins v. Washington et al.*, No. 2:18-cv-69 (W.D. Mich.).

Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2254, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so

lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.


Dated: January 30, 2019 	/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　　　United States District Judge